114.  The Plaintiff was placed in a lock-up and was fully deprived of his dignity and liberty as a result of the Defendant's bringing of the unjust and unfounded criminal charges.

115.  Defendant Officer Ammary is liable for his personal involvement in the commission of the acts complained of here.

116.  Defendant, the City of Allentown, is liable for the acts of Defendant Ammary pursuant to the claims of Municipal Liability (Monell), expressly set forth herein, and as incorporated by reference as if set forth et extenso here.

117.  As a consequence of the criminal proceeding, the Plaintiff suffered a significant deprivation of his liberty, and property right in his reputation and claims damages for those and other injuries set forth hereinbefore.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against both Defendants, jointly and severally, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania, together with punitive damages against Defendant Ammary in his individual capacity and, such other relief, including injunctive relief, which the Court may find appropriate.

## COUNT V
### 42 U.S.C. § 1983
### *Infringement of First Amendment Rights*
### *Against Individual Defendant Ammary and City (Monell)*

118.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

119.    The freedoms encompassed by the First Amendment have always been viewed as fundamental components of the liberty safeguard by the Due Process Clause.

120.    The First Amendment to the United States Constitution prohibits government officials from subjecting an individual to retaliatory actions as a consequence of its exercise, which can take many and diverse forms.

121.    While the Defendant's acts of falsely arresting Plaintiff, subjecting him to excessive force, causing him to be unlawfully detained and, maliciously prosecuting him, all constitute violations of the Fourth and Fourteenth Amendments, said acts also constitute violations of the First Amendment because they were committed in retaliation for Plaintiff exercising his rights protected by the First Amendment.

122.    The Plaintiff chose to exercise his First Amendment rights on Monday, October 27, 2014 at or about 8:21 p.m. by:

　　　　　　　　　i)    walking on a public sidewalk near his home, in a peaceful, law-abiding manner;

    ii)  by using the filming capabilities of his lawfully possessed cell phone; and

    iii)  by recording, with his cell phone, Allentown police officers who appeared to be in the process of committing an assault upon a defenseless citizen on a near-by front porch.

123. It is well-established that the activities of the police, like those of other public officials, are subject to scrutiny by a free citizenry.

124. The Plaintiff was not a participant in the events leading up to the police assault he was witnessing and recording.

125. The filming captured an identifiable message, which was of legal evidentiary value, and was one which Plaintiff intended to be communicated to an identifiable audience, to wit, the Courts, the media and/or any other person or persons who would be in a position to punish, and deter in the future, the police abuse the Plaintiff had memorialized.

126. Indeed, the Plaintiff need not assert any particular reason for filming police performing in the public arena, although it was patently obvious to Defendant Ammary that Plaintiff was recording the police assault in order to make a visual record of the offensive conduct of these "public servants" who were his fellow officers and fellow City employees.

127. Plaintiff did not interfere, obstruct or impede in any way any lawful exercise of the performance of any police officers duties, and his filming was from a public sidewalk of activities occurring in the public.

128. The event he was recording was newsworthy and a matter of public interest and the First Amendment prohibits government from limiting the stock of information from which members of the public may draw.

129. The recording served a major purpose of the First Amendment which protects the free discussion of governmental affairs, and as our Supreme Court has made clear "the dissemination of information relating to government misconduct . . . [l]ies at the core of the First Amendment."

130. The Plaintiff has a First Amendment right to peaceably occupy the public sidewalk and/or street at the time because:

     i)    public sidewalks are afforded a special protected status under the First Amendment; and

     ii)    public streets have been referred to as the archetype of a traditional public forum, because, time out of mind, public streets and sidewalks have been used for public assembly and debate.

131. Accordingly, Plaintiff's peaceful occupation of the public sidewalk and street, done without obstruction or offense was a constitutionally protected

activity, as was his public filming of police misconduct committed while on duty, in police uniform, in a public place.

132. Defendant Ammary's words spoken at the time of Plaintiff's unlawful arrest, to wit, calling Plaintiff an "asshole" for filming Ammary's and his colleagues misconduct, and, Ammary's comments moments later, "why did you have to videotape? Now you're fucked," and Ammary's attempt to smash Plaintiff's cell phone to destroy its recording, physically and verbally abusing, falsely arresting, falsely detaining and by maliciously prosecuting the Plaintiff, Ammary was punishing and retaliating against Plaintiff for filming police misconduct which might reflect badly upon him and his police colleagues, and upon the Allentown Police Department of which they and he are members.

133. It is also clear that Defendant Ammary's unlawful seizure of Plaintiff and Ammary's attempt to destroy Plaintiff's cell phone, was directed at its recorded content of the police assault and our Supreme Court has long-recognized that the seizure of films or books on the basis of their content implicates First Amendment concerns not raised in other kinds of seizures.

134. The retaliatory conduct of Defendant Ammary was sufficient to deter a person of ordinary fairness from exercising his First Amendment rights

in a fashion similar to that of Plaintiff; and Plaintiff continues to experience the chilling effect this has had on his free-speech rights in that he is reluctant to record even the most criminal of police conduct in the future, and feels constrained to refrain from any future criticism of government officials, especially police.

135.  The Defendant City of Allentown is liable under the doctrine enunciated in <u>Monell</u>, for all the acts and/or omissions attributed to Defendant Officer Ammary for the reasons more fully expressed in Count VII, "Municipal Liability", which is incorporated herein as if fully set forth here.

136.  The Defendant chose this particular unconstitutional course of action, not merely in spite of its adverse effects upon the Plaintiff, but because of those adverse effects, and in retaliation for Plaintiff's exercising of, and in an attempt to chill, his Constitutional rights under the First Amendment.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against Defendant Ammary individually, and the City of Allentown, jointly and severally, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal

District Court for the Eastern District of Pennsylvania, together with punitive damages against Defendant Ammary in his individual capacity.

## COUNT VI
## 42 U.S.C. § 1983
## Failure to Intervene
## Non-Supervisory
### *Against John/Jane Does 1-X and City (Monell)*

137. The preceding paragraphs are incorporated herein by reference as though fully set forth.

138. It is believed and therefore averred that other members of the Allentown Police Department were present and witnessed the abuses of the Plaintiff by Defendant Ammary.

139. Currently, Plaintiff is unaware of the identity of those other officers and they are identified herein as Defendants John/Jane Does 1-X.

140. Defendants Does are liable for failing to intervene to prevent the Constitutional violations of Plaintiff's federally protected rights, as claimed herein, by the Defendant Ammary.

141. Plaintiff's Constitutional rights were violated as alleged herein.

142. Under circumstances where a named Defendant was not the violator of a given right as alleged, he had the duty to intervene, including the duty to intervene to prevent an unlawful arrest, false imprisonment, malicious prosecution and the use of excessive force.

34

143. Each of the Defendant Does had a realistic and reasonable opportunity to intervene.

144. Each of the Defendants failed to intervene.

145. Each non-intervening Defendant is liable for the harm, and hence damages, suffered by the Plaintiff, as stated herein.

146. The likelihood is that, but for the alleged acts and omissions committed by the other Defendants, the injuries inflicted upon the Plaintiff would not have occurred.

147. Defendant Does are liable for their personal involvement in the commission of the acts complained of here.

148. Defendant, the City of Allentown, is liable for the acts of Defendant Officer Does pursuant to the claims of Municipal Liability (Monell), expressly set forth herein, and is incorporated by reference as if set forth et extenso here.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against Defendant Does individually, and the City of Allentown, jointly and severally, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania, together with punitive damages against Defendant Does in their individual capacity.

35

## COUNT VII
## 42 U.S.C. § 1983
## Municipal Liability
### *Against The City Of Allentown*

149.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

150.    Prior to October 27, 2014, the Defendant City of Allentown either failed to develop policies or, developed and maintained policies and/or customs exhibiting deliberate indifference to the Constitutional rights of persons in Allentown, which caused the aforesaid violations of Plaintiff's Constitutional rights.

151.    The violations of Plaintiff's Constitutional rights under the First, Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff's damages, and the conduct of the Defendants were directly and proximately caused by the actions and/or inactions of Defendant City of Allentown, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

   a.    Constitutional rights afforded by the First, Fourth and Fourteenth Amendments;

   b.    Legal cause to stop, detain, arrest, and criminally charge a citizen;

c.      The use of force by police officers;

d.      The proper exercise of police powers, including, but not limited to, recognizing the Constitutional protections afforded to free speech, the making of an arrest, the use of force, the detention of a citizen and the bringing of criminal charges;

e.      The screening and subsequent monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

f.      The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

g.      Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

h.      The failure of police officers to follow established policies, procedures, directive, and instructions regarding arrests, the use of force, and the institution of criminal charges under such circumstances as presented by this case;

i.     The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of Constitutional rights of citizens by other Allentown police officers;

j.     The practice among Allentown police officers of swearing out knowingly false or inaccurate "Affidavits of Probable Cause" and instituting false charges against individuals whom the officers have subjected to unlawful force and/or arrest, with the intention of precluding such individuals from instituting civil claims;

k.     The First Amendment right of citizens to videotape persons, police officers engaged in the public discharge of their duties;

l.     The special First Amendment protections afforded conduct by citizens which take place on a public sidewalk or street; and

m.    The special First Amendment protections afforded the contents of recordings, especially those that capture matters of potential public interest.

152.   It was also the policy and/or custom of the Defendant City of Allentown to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated and/or justified by the City of Allentown, including, but not limited to, complaints of citizens.

153.    It was also the policy and/or custom of the Defendant City of Allentown to inadequately screen during the hiring process (including psychological screening) to improperly hire, and to intermittently test thereafter, and to inadequately train and supervise its police officers, including Defendants Ammary and Does, thereby failing to adequately discourage further Constitutional violations on the part of its police force in general, and Defendant Officers in particular.

154.    The Defendant City of Allentown did not require or demand appropriate in-service training or re-training of officers who were known to have required it or, engaged in police misconduct, or who were known to encourage or tolerate same.

155.    The Defendant City of Allentown also did not adopt needed policies, which should have been intended and calculated to avoid the Constitutional violations referred to herein, including specifically those that follow.

156.    The lacking practices or procedures (or policies), which Defendant the City of Allentown was required at a minimum to promulgate, implement, monitor and, if necessary, modify, include, inter alia, the following: a heightened supervisory sensitivity and vigilance for uncovering and eradicating unconstitutional violations; procedures

whereby members of the public who have experienced Constitutional police violations are encouraged to access a simple, convenient, non-retaliatory, and responsive procedure to register their complaints and receive prompt, objective responses; procedures carefully cataloging complaints (legal, formal and informal) and their respective outcomes – by name, nature of claim, and resolution and corrective action if any; procedures for the efficient, effective, objective investigations of all claims and complaints, their analysis and requiring the prompt and open imposition of disciplinary, corrective action or policy or procedural change; procedures for promptly responding to those who registered complaints and for securing feedback concerning the resolution reached (necessary to restore good community relations and to encourage the belief that their complaints will not be ignored); procedures requiring remedial training in First, Fourth and Fourteenth Amendment safeguards including citizen's Constitutional rights and the use of force limitations; procedures for identifying circumstances and the identity of officers who file unsubstantiated criminal charges; procedures for conducting both internal and external reviews of all claims of unconstitutional or otherwise unlawful police conduct; procedures for identifying officers who are in need of remedial

training; and procedures for effectively and independently, monitoring officers' drug (including steroid) or alcohol abuse (such as random testing) and for monitoring and testing officer's mental health (including anger management issues and pathologies).

157.    Moreover, the need for initial additional or different training on how to respond to a citizen's recording (video taping) of all officer's public conduct, especially where, as here, the filming does not interfere with the performance of a valid police function, is so obvious that the failure to provide it amounts to deliberate indifference to Constitutional rights.

158.    The municipal policy-makers were aware of the inadequacies of the police training and policies in this regard, and deliberately chose to either retain the flawed policies or acquiesced in a long-standing custom of ignoring the need for policies, more policies, or better policies, leading directly to the Constitutional violations which the Plaintiff sustained here.

159.    Moreover, and more specifically, in addition to the foregoing, the City of Allentown, by and though its policy-makers, failed to recognize the readily apparent need to promulgate an appropriate rule, regulation, policy directive, executive order, guidance or edict, recognizing the

41

right of citizens to record police officers while they are performing
duties in public places.

160.    The Defendants either know, or should have known, of the
widespread need for adopting such a clear policy, at least as early as
January 10, 2012 when, to great national fanfare, the Department of
Justice urged the District of Maryland to recognize that "[t]he right to
record police officers while performing duties in a public place, as
well as the right to be protected from the warrantless seizure and
destruction of those recordings, are not only required by the
Constitution, the are consistent with our fundamental natures of
liberty, promote the accountability of our governmental officers, and
instill public confidence in the police officers who serve us daily."

161.    The Defendant City of Allentown is the third largest City in
Pennsylvania and, instead of responding appropriately by the issuance
of new policy directives, as for example, the City of Philadelphia did
in its issuance of 2012 guidelines "to protect the constitutional rights
of individuals to record police officers engaged in the public discharge
of their duties," the Defendant City of Allentown failed and/or refused
to respond in anyway to the Department of Justice's urgings.

162.    Further still, the City of Allentown had knowledge that due to its
        ubiquitous nature, and nationally publicized incidents of its use to
        record public actions of police officers, especially those appearing to
        commit civil rights abuses, that a citizen's use of a cell phone to
        capture public police conduct would occur within the City of
        Allentown, but failed to develop and maintain any policies, customs,
        rules or regulations regarding same and, accordingly, were
        deliberately indifferent to the Constitutional rights of citizens who
        would use their cell phones in such a manner.

163.    Said deliberate indifference to the First Amendment rights of persons
        like the Plaintiff, lead directly and proximately to the harms he
        suffered and complains of here.

164.    The existing customs within the Allentown Police Department and the
        lack of training and appropriate policies created an unreasonable risk
        of injury and the violation of Plaintiff's Constitutional rights which
        occurred, in the absence of the above-specified training, policy
        initiative and supervisory practices.

165.    The City of Allentown policy makers were aware that these risks
        existed because they were obvious and because these risks had
        resulted in Constitutional harms, which had occurred previously under

43

their supervision, and had become endemic to the practice of policing as a whole.

166.    The City of Allentown policy makers were indifferent to these risks, as evidenced by their failure to remediate past consequences of said risks.

167.    It was the policy and/or custom of the Defendant City of Allentown to allow and even promote the excessive use of force by their officers, as well as the commission of the other Constitutional violations described herein.

168.    As a result of the above described policies and customs and failure to enforce and/or adopt necessary and appropriate policies, police officers of the Defendant City of Allentown, including the Defendants, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated and even encouraged.

169.    The above described policies and customs, and the failure to enforce and/or adopt necessary and appropriate policies, demonstrates a deliberate indifference on the part of the policymakers of the Defendant City of Allentown, and were the moving force behind, and

44

the cause of, the violations of the Plaintiff's rights as alleged herein, and the claimed damages which resulted therefrom.

170.    But for this deliberate indifference, the injuries, which were suffered by the Plaintiff, would, in all likelihood, not have occurred.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against the Defendant City of Allentown, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania.

## COUNT VIII
### State Constitutional Violations
### *Against Defendant Ammary and City*

171.    The conduct of the Defendant, as alleged herein, was violative of the Plaintiff's rights under Article I, Section 8 of the Constitution of the Commonwealth of Pennsylvania to be free from unreasonable seizures, not predicated upon probable cause, and from the use of excessive force; Article I, Section 7 and 20, which guarantee Plaintiff's rights to free speech and association; and Article I, Sections 1 and 9 regarding Plaintiff's right to due process.

172.    As a result of the Defendants' conduct, which was violative of the guarantees  afforded Plaintiff under the Pennsylvania Constitution,

45

Plaintiff suffered the damages stated herein, and he is entitled to compensatory damages and most particularly, his claim for non-economic, injunctive relief.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against both Defendants, jointly and severally, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania, together with punitive damages against Defendant Ammary in his individual capacity and, such other relief, including injunctive relief, which the Court may find appropriate

## COUNT IX
### Assault and Battery
### *Against Ammary and City*

173.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

174.   Defendant Ammary assaulted and battered Plaintiff as stated hereinbefore.

175.   As a result of Defendant's assault and battery, Plaintiff suffered the damages stated herein.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against both Defendants, jointly and

severally, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania, together with punitive damages against Defendant Ammary in his individual capacity and, such other relief, including injunctive relief, which the Court may find appropriate.

## COUNT X
### False Arrest and Illegal (False) Imprisonment
### *Against Ammary and City*

176.   The preceding paragraphs are incorporated herein hereby reference as though fully set forth.

177.   Defendant Ammary illegally arrested Plaintiff and further illegally imprisoned Plaintiff.

178.   As a result of his false arrest and illegal imprisonment, Plaintiff suffered the damages stated herein.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against both Defendants, jointly and severally, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania, together with punitive damages against Defendant Ammary in his individual capacity and, such other relief, including injunctive relief, which the Court may find appropriate.

## COUNT XI
## Malicious Prosecution
### *Against Ammary and City*

179.    The preceding paragraphs are incorporated herein by reference as though fully set forth.

180.    Defendant Ammary initiated, encouraged, planned or facilitated, the bringing of criminal proceedings against Plaintiff and did so maliciously and without probable cause, resulting in a dismissal of all charges against the Plaintiff.

181.    As a result of said malicious prosecution, Plaintiff suffered damages as aforesaid.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award judgment in Plaintiff's favor and against both Defendants, jointly and severally, in an amount in excess of the One Hundred Fifty Thousand Dollar ($150,000.00) limit for arbitration in the Federal District Court for the Eastern District of Pennsylvania, together with punitive damages against Defendant Ammary in his individual capacity and, such other relief, including injunctive relief, which the Court may find appropriate.

### OTHER

182.    Plaintiff respectfully requests a jury trial.

183.    The within case is not subject to arbitration.

184.    Where permitted, the Plaintiff demands reasonable legal fees, costs, interest, expenses, delay damages, compensatory damages, punitive damages and any other damages deemed appropriate by the Court.

185.    Plaintiff requests that this Honorable Court issue declaratory and injunctive relief, as appropriate, declaring the within described unconstitutional practices to be unlawful, and enjoining their present and continued effects.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court for each Count alleged:

a.    Award compensatory damages to Plaintiff against the Defendants, jointly and severally, in an amount in excess of $150,000.00 exclusive of interest and costs;

b.    Award punitive damages to Plaintiff against Defendant Ammary and Defendant Does in their individual capacity, in an amount in excess of $150,000.00 exclusive of interest and costs;

c.    Award reasonable attorney's fees and costs to the Plaintiff, as may hereafter be determined to be awardable pursuant to 42 U.S.C. Section 1988, the Civil Rights Attorney's Fees Award Act of 1976, or any other provisions;

49

d.   Enter an Order enjoining Defendants from engaging in the future in the conduct identified in the Complaint as violative of 42 U.S.C. §§ 1983, First, Fourth and Fourteenth Amendments of the Constitution of the United States, and the cognate provisions and guarantees of the Pennsylvania Constitution; and further affirmatively requiring the Defendant City of Allentown to engage in appropriate remedial efforts to adopt, and enforce, policies for the Allentown Police Department that are calculated and intended to preclude the conduct alleged to have been engaged in by the Defendants named herein; and

e.   Award such other and further relief, as this Court may deem appropriate.

Respectfully Submitted,
KAROLY LAW FIRM, LLC

Dated: July 29, 2015          By:   _____

Joshua E. Karoly, Esquire
PA Attorney I.D. # 206076
527 Hamilton Street
Allentown, PA  18101
(610) 437-1252
j.karoly@karolyfirm.com
Attorney for Plaintiff

50